UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

$70,932.00 UNITED STATES
     CURRENCY et al.,

Defendants.

**REPORT AND
RECOMMENDATION**

16-CV-245A

UNITED STATES OF AMERICA,

Plaintiff,

v.

THE PREMISES AND REAL PROPERTY WITH
BUILDINGS, APPURTENANCES, AND
IMPROVEMENTS AT 9276 RIDGE ROAD,
MIDDLEPORT, NEW YORK,

Defendant.

**REPORT AND
RECOMMENDATION**

16-CV-318A

## I. INTRODUCTION

The Hon. Richard J. Arcara has referred both Case No. 16-CV-245 (the "First Case") and Case No. 16-CV-318 (the "Second Case") to this Court under 28 U.S.C. § 636(b).  Pending before the Court is a motion by *pro se* claimant Andrew Fitch ("Fitch") to dismiss each case and to order the Government to return the defendant assets to him.  (First Case Dkt. No. 28/30, Second Case

Dkt. No. 18/20.)[1]  The Court gleans a few arguments from Fitch's papers.  Fitch

contends that state law enforcement agents lacked probable cause to search his

residence in 2013 and 2015.  (First Case Dkt. No. 25 at 1; Dkt. No. 28 at 1; Dkt.

No. 30 at 2.)  Fitch challenges the validity of a federal seizure warrant that was

executed in 2013 for a blue 2011 Ford F150 pickup truck.  (First Case Docket

No. 28 at 1; *see also generally* Case No. 13-CV-1057.)  Fitch has made

allegations about a malicious prosecution that might have been a pretense for

one or more of the searches of his residence.  (First Case Dkt. No. 30 at 2.)

Fitch also has provided some documentation suggesting that a personal injury

settlement generated at least some of the income that the Government attributes

to drug activity.  The Government responds by reciting a number of facts

supporting forfeiture and by arguing that those facts are enough to defeat

dismissal in each case.  To the extent necessary, the Government also adopts

the arguments that it made in Case Nos. 13-CV-727 and 13-CV-1057, which are

closely related to the 2016 cases addressed here.

     The Court has deemed Fitch's motion submitted on papers under Rule

78(b) of the Federal Rules of Civil Procedure ("FRCP").  For the reasons below,

the Court respectfully recommends denying Fitch's motion.

---

[1] Although Fitch has filed one motion to dismiss in each case, the motion papers in each case
are identical.  Accordingly, the Court will refer to Fitch's twin motions as a collective singular
motion.

## II.  BACKGROUND

Both cases, and the related 2013 cases, trace back to Fitch's arrest in

Lockport, New York on February 23, 2013.  That day, Fitch was the sole driver of

a blue 2011 Ford F150 pickup truck, the defendant vehicle in Case No. 13-CV-

1057.  Lockport Police Department officers pulled Fitch over when they allegedly

observed him drive through a stop sign and turn without signaling.  Officers noted

an odor of marijuana coming from Fitch and the vehicle during the ensuing

interview.  The encounter ended with Fitch's arrest and a search of both Fitch

and the vehicle.  Officers found a total of $7,679.48 on Fitch's person, including

$7,000 hidden inside the front of his pants.  As for the vehicle, the search

incident to arrest yielded a small amount of marijuana.  A second search

following a federal seizure warrant yielded $15,104 of currency, 4.43 ounces of

marijuana, three cellular telephones, and two cellular telephone batteries.  Upon

further investigation, federal agents acquired additional information suggesting

that both sets of currency were proceeds from drug trafficking.  Specifically,

agents learned that Fitch paid for the vehicle and paid off the mortgage on his

house in cash.  Agents learned that Fitch had a prior arrest for marijuana

trafficking in November 2010 in Illinois, though the outcome of that arrest is not

clear from the record.  Agents learned also that Fitch's proffered explanations for

the $7,000 lump sum were false.  At different times, Fitch apparently tried to tell

agents that the sum came from a legal settlement for a shoulder injury or from a

3

sale of a boat.  Fitch could not confirm what litigation led to the settlement and could not provide an authentic bill of sale for any boat.

Police charged Fitch with misdemeanor criminal possession of marijuana and two traffic violations.  On July 17, 2013, Fitch took a guilty plea and was sentenced to a conditional discharge.

While the two 2013 cases concerned the Government's attempt to seize the currency and the pickup truck described above, the 2016 cases addressed here add some additional facts.  Around May 2013, state law enforcement agents appear to have executed a state search warrant for Fitch's residence.  The Court has not seen this warrant, but the search appears to have yielded a firearm that state law enforcement agents considered an illegal assault weapon under state law.  Around November 2015, state law enforcement agents executed two state warrants at Fitch's residence based on the firearm seized in May 2013.  The first state warrant was an arrest warrant for Fitch himself.  State law enforcement agents arrested Fitch outside of his residence but noted a strong order of marijuana coming from the residence.  The odor prompted state law enforcement agents to obtain the second state warrant for a search of Fitch's residence.  The search of Fitch's residence allegedly yielded 21.5 pounds of marijuana, various types of drug paraphernalia, and several cellular telephones.  State law enforcement agents wound up seizing each of the items that together constitute

4

the defendant property in both of the pending 2016 cases.  The Court has not

seen either state warrant issued around November 2015.

The Government commenced the pending 2016 cases by filing verified

complaints for the First Case on March 24, 2016 and for the Second Case on

April 22, 2016.  In the First Case, claimant Bank of America, N.A. filed a claim on

May 27, 2016 and an answer on June 10, 2016.  (First Case Dkt. Nos. 12, 15.)

In both cases, Fitch filed a claim on July 27, 2016.  (First Case Dkt. No. 25;

Second Case Dkt. No. 15.)  Fitch filed his pending motion to dismiss at the same

time.  In support of his motion, Fitch argues that the federal seizure warrant of

2013 did not rest on probable cause and thus was improper.  Fitch also uses a

sequential argument to assert that all of the state warrants concerning him were

improper: The firearm seized in 2013 was legal under state law, which meant that

the firearm could not serve as the basis for any warrants; in turn, state law

enforcement agents had no good-faith basis to arrest him in 2015 based on the

firearm, which then meant that they had no reason to be at Fitch's residence and

to detect the marijuana odor that led to the search of the residence.  In effect—

and Fitch does use this phrase in his papers—Fitch is making an extended "fruit

of the poisonous tree" argument.  Finally, Fitch has attached to his papers some

documentation that seems to suggest that some kind of personal injury

settlement did in fact happen.  (*See* First Case Dkt. No. 28 at 5–9.)  The

Government opposes Fitch's motion by noting the extensive facts that appear to

5

connect Fitch and the defendant property to drug activity.  The Government also argues that Fitch's documentation of supposedly legitimate income falls well short of explaining the amount of currency found on him, in his vehicles, and at his residence.  To the extent that Fitch argues, as he did in the 2013 cases, that he never faced federal charges, the Government also asserts that its decision not to bring criminal charges against Fitch has no bearing on a civil forfeiture action.

## III. DISCUSSION

Fitch has called his motion a motion to dismiss, and his situation likely implicates Rule 12(b)(6).  The general standard under Rule 12(b)(6) is well known.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  Courts assess Rule 12(b)(6) motions "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v.*

6

*Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted).  "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery."  *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011) (Arcara, *J.*) (internal quotation marks and citation omitted).

That the cases here are civil forfeiture cases adds one wrinkle to the standard for dismissal.  "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."  18 U.S.C. § 983(a)(3)(D).  "The sufficiency of the complaint is governed by Rule G(2)."  FRCP Supp. R. G(8)(b)(ii).  "The complaint must: (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  FRCP Supp. R. G(2).  "However, the Government is not required to allege in the complaint all of the facts and evidence at its disposal.  It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture,

to file a responsive pleading, and to undertake an adequate investigation.  The issue is one of pleading, not proof at trial."  *U.S. v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 248 (S.D.N.Y. 2010) (citations omitted).

Here, the Government provided enough information in its verified complaints to survive scrutiny under Rule G.  Each complaint was verified and contained the language necessary to establish proper jurisdiction and venue.  Through each complaint, the Government explained the chain of events that brought Fitch to his present situation, from the original traffic stop in 2013 through each warrant that issued.  The chain of events includes the suspicious nature of the $7,000 sum found on Fitch's person and Fitch's discredited explanations for that sum.  *Cf. $22,173.00*, 716 F. Supp. 2d at 251 ("The combination of these allegations—a search warrant for the Target Premises, the recovery of a large amount of cash found at the premises and in close proximity to the drugs and drug paraphernalia, and the packaging of the cash in small denominations consistent with drug trafficking—are sufficient to support a reasonable belief that the Government will be able to meet its burden of proof at trial (*i.e.*, that the proceeds have a substantial connection to drug trafficking).").  The chain of events also includes, among other evidence, the drugs, money, and telephones found in Fitch's vehicles or at his residence.  *Cf. U.S. v. $32,507.00 in U.S. Currency*, No. 14 CIV. 5118 CM, 2014 WL 4626005, at *2 (S.D.N.Y. Sept. 16, 2014) ("Thirty-two-thousand five-hundred seven dollars is a lot of money.  In

8

particular, it is a lot of money to transport in a car trunk.  Carrying large sums of cash is not *per se* evidence of drug-related illegal activity, but it is suggestive of involvement in illegal activity more generally.") (internal quotation marks and citations omitted).  So long as the Government can meet its civil burden of proof at trial, separate criminal charges against Fitch are not necessary.  "Were this an *in personam* forfeiture, [Fitch's] argument might have some traction—an *in personam* forfeiture hinges on criminal conviction.  But criminal conviction of a claimant either in state or federal court is neither a necessary nor sufficient precondition to an *in rem* forfeiture."  *von Hofe v. U.S.*, 492 F.3d 175, 190 (2d Cir. 2007) (citation omitted); *U.S. v. One Parcel of Real Estate Located at 7715 Betsy Bruce Lane Summerfield, N.C.*, 906 F.2d 110, 111–12 (4th Cir. 1990) ("Unlike criminal forfeiture cases, conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property.  In civil forfeiture cases, property is subject to forfeiture even if its owner is acquitted of—or never called to defend against—criminal charges.") (internal quotation marks and citations omitted).

Subject to further proceedings after the close of discovery, Fitch has preserved his affirmative defenses for trial, including defenses pertaining to probable cause.  Fitch also would appear to retain the ability to do formally what he has suggested informally in his motion papers—file a motion to suppress use of the defendant property as evidence, under Rule G(8)(a).  Without making any findings or taking any positions, examining possible suppression formally might

require a review of each of the state warrants in question.  Additionally, Fitch's documentation of a personal injury settlement might become important later when assessing possible fact issues that require a trial.  For purposes of Rule 12, though, Fitch has not made enough of a showing to justify outright dismissal of either of the pending 2016 cases.

Upon ultimate resolution of Fitch's motion by Judge Arcara, Fitch will need to answer each complaint within the time required under Rule 12(a)(4)(A).

## IV. CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends denying Fitch's motion to dismiss in each case.  (First Case Dkt. No. 28/30, Second Case Dkt. No. 18/20.)

## V. OBJECTIONS

A copy of this Report and Recommendation will be sent, on the date below, to counsel for the Government by electronic filing on the date below; the Court will mail on the date below a hard copy of this Report and Recommendation to Fitch, via first-class mail.  Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

10

SO ORDERED.

_/s Hugh B. Scott_____

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: October 24, 2016