UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,       **DECISION AND ORDER**
                                      **No. 1:16-cv-00245**
   -vs-

70,932.00 UNITED STATES CURRENCY,
ET AL.,

                Defendants.
_____

## I.     Introduction

This matter comes before the Court following United States Magistrate Judge Hugh B. Scott's filing of a Report and Recommendation (Docket No. 33) on October 24, 2016. *See* 28 U.S.C. § 636(b)(1)(B); Western District of New York Local Rule 72(b), (c). In his Report and Recommendation ("R&R"), Judge Scott recommended that claimant Andrew D. Fitch's (hereinafter "Fitch") motions to dismiss (Docket Nos. 28, 30) be denied. Fitch, proceeding *pro se*, filed an objection to the R&R on November 10, 2016 (Docket No. 35), and the Government filed a response on December 1, 2016 (Docket No. 39). On June 21, 2019, the matter was transferred to the undersigned. Docket No. 68. For the reasons discussed below, the Court adopts the R&R in its entirety.[1]

---

[1] Judge Scott's R&R also addresses identical motion papers filed by Fitch in a related case, 16-cv-318. Because the R&R is no longer pending in that case (*see* 16-cv-318, Docket No. 23), the Court does not address it in this Decision and Order.

## II.     Background

This *in rem* action stems from Fitch's arrest in Lockport, New York, in February 2013, as well as the execution of search warrants at his residence in May 2013 and November 2015, for drug-related activities.  Docket No 1; Docket No. 33 at 3-5.  On March 24, 2016, the Government filed a Verified Complaint for Forfeiture (the "complaint"), seeking forfeiture of $70,932.00 in United States Currency seized from Fitch, as well as motor vehicles, a stump grinder, snow mobiles, a wave runner, and televisions.  Docket No. 1.

Fitch filed a claim for the property on July 27, 2016.  Docket No. 25.  Claimant Bank of America, N.A., also filed a claim for one of the motor vehicles, on May 27, 2016.  Docket No. 12.

Thereafter, on July 27, 2016, and August 17, 2016, Fitch filed motions to dismiss.  Docket Nos. 28, 30.  As summarized by Judge Scott in his R&R, Fitch raised several issues in his papers, including that state law enforcement agents lacked probable cause to search his residence in 2013 and 2015; the search warrant executed in 2013 for his blue Ford truck was not valid; his residence was searched as a result of malicious prosecution; and a portion of the money seized from him was from a personal injury settlement, rather than drug activity.  Docket No 33 at 2; Docket Nos. 28, 30.  In the October 24, 2016 R&R, Judge Scott found that the Government provided enough information in its verified

complaint to satisfy Fed. R. Civ. P. Supp. R. G(2), and recommended that the Court deny Fitch's motions to dismiss. Docket No. 33 at 8, 10.

In his objections filed on November 10, 2016[2], Fitch recognized that the Government is not required to file separate criminal charges against him in order to maintain a civil forfeiture action. *See* Docket No. 35 at 2 (Fitch "recogniz[es] and understand[s] the obvious fact that no charge has to be implemented nor conviction made to [forfeit] my [belongings]"). Fitch raises several of the same arguments he made in support of his motions to dismiss. These arguments were addressed by Judge Scott in the October 2016 R&R, and include: Fitch was the victim of malicious prosecution; the validity of the search warrants; and the 2015 search of his residence was "fruit of the poisonous tree." *Id.* at 2-8. The Government filed a response to Fitch's objections on December 1, 2016, arguing that the R&R should be adopted in its entirety. Docket No. 39.[3]

---

[2]

The Government contends that Fitch's objections were filed three days after the deadline for filing objections to Judge Scott's R&R. *See* Docket No. 39 at 6. Because Fitch is proceeding *pro se*, and his objections were filed on the docket only three days after the deadline, the Court will consider them when addressing the sufficiency of the R&R.

[3]

In its objections, the Government references another motion to dismiss submitted by Fitch on November 29, 2016, and requests that the Court issue an order directing Fitch to refrain from filing any further pleadings without permission from the Court, and directing the Clerk of Court to return to Fitch any un-filed, further pleadings, unless he has obtained written permission from the Court to file them. Docket No. 39 at 6-7. The motion referenced by the Government appears to be filed at Docket No. 38. At this time, a new

Following the filing of Fitch's objections and the Government's response, on February 27, 2017, the parties filed a Joint Motion for a Stay of Proceedings, to stay discovery in this case, and in a related case at Docket No. 16-cv-318, pending resolution of Fitch's criminal cases filed in state court. Docket No. 42 at 4-5. Judge Scott granted the parties' Motion to Stay on February 28, 2017, noting that the Court (Arcara, D.J.) would decide whether to stay consideration of the R&R. Docket No. 43.

On June 28, 2017, Fitch informed the Court that he entered a guilty plea to the state criminal charges. Docket No. 46. The parties engaged in settlement discussions, but the proposed settlement ultimately was not approved. Docket Nos. 46, 47, 48, 49, 50. Due to the disposition of the state charges, a stay was no longer necessary, and the Court issued a new scheduling/case management order. Docket Nos. 52, 55. The R&R is ripe for a decision by the Court.

III. **Discussion**

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b),

---

scheduling/case management order has been implemented, and additional motions, including a motion to dismiss filed by Fitch and a motion for summary judgment filed by the Government, have been filed and are fully briefed. *See* Docket Nos. 55, 59, 64. The Government's request is therefore denied without prejudice, pending issuance of R&Rs on these motions.

and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" *id.* Where no "specific written objection" is made to portions of the magistrate judge's report, the district court may adopt those portions, "as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); other citation omitted). The district court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. *Eisenberg*, 564 F. Supp. 2d at 227 (citing *Thomas*, 474 U.S. at 149).

The Court has reviewed the thorough and well-reasoned R&R issued by Judge Scott, Fitch's objections, and the Government's response, and concludes that the R&R should be adopted in its entirety. As explained by Judge Scott in the R&R, Fitch's arguments supporting his motions to dismiss may be affirmative defenses at trial, but do not go to the sufficiency of the Government's complaint. *See* Docket No. 33 at 9-10. Fitch does not raise any new arguments requiring reversal of the R&R in his objections.

The complaint is verified, and describes in detail the events leading up to the seizure of Fitch's property, the basis for

forfeiture of the property, as well as jurisdiction and venue. Docket No. 1; *see also* Docket No. 33 at 8-9. Accordingly, the complaint satisfies the requirements of Fed R. Civ. P. Supp. R. G, which governs the pleading requirements in civil forfeiture actions. *See U.S. v. $22, 173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 248 (S.D.N.Y. 2010) ("Pleading requirements in a civil forfeiture action are governed by the Supplemental Rules. . . . Supplemental Rule G(2)(f) requires that the Government 'state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.' Accordingly, the Government's complaint must 'assert specific facts supporting an inference that the property is subject to forfeiture.'"); *see also* Fed. R. Civ. P. Supp. R. G(2)(a)-(f) (providing that the complaint in an *in rem* forfeiture action must be verified; state the grounds for jurisdiction and venue; describe the property with reasonable particularity; state the location from where the property was seized; identify the statute under which the forfeiture action was brought; and state sufficiently detailed facts to support the reasonable belief that the government will be able to meet its burden of proof at trial).

Fitch fails to raise any argument in his motions to dismiss, or in his objections, identifying a deficiency in the complaint. Accordingly, the determination reached by Judge Scott is proper and

well-supported by the record.  Dismissal of the complaint is not required.

## IV. Conclusion

For the foregoing reasons, the Court adopts Judge Scott's R&R (Docket No. 33).  Accordingly, Fitch's motions to dismiss (Docket Nos. 28, 30) are denied.

**ALL OF THE ABOVE IS SO ORDERED**.

          **S/Michael A. Telesca**

         HONORABLE MICHAEL A. TELESCA
         United States District Judge

DATED: June 25, 2019
     Rochester, New York