UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,       **DECISION AND ORDER**
                                        **No. 1:16-cv-00245**
   -vs-

70,932.00 UNITED STATES CURRENCY,
ET AL.,

                Defendants.

_____

## I.    Introduction

Plaintiff United States of America filed this *in rem* action on March 24, 2016, seeking forfeiture of $70,932.00 in United States Currency seized from claimant Andrew D. Fitch ("Fitch"), as well as motor vehicles, a stump grinder, snow mobiles, a wave runner, and televisions.  Docket No. 1.  The complaint stems from Fitch's arrest in Lockport, New York, in February 2013, as well as the execution of search warrants at his residence in May 2013 and November 2015, for drug-related activities.  *Id*.  Fitch filed a claim for the property on July 27, 2016.  Docket No. 25.  Claimant Bank of America, N.A., also filed a claim for one of the motor vehicles, on May 27, 2016.[1]  Docket No. 12.

---

[1] On April 25, 2018, in response to the Government's pending motion for summary judgment, Bank of America filed an attorney affidavit, withdrawing its claim to the motor vehicle, as Fitch had paid the retail installment contact in full and was issued a lien release, thereby extinguishing any interest Bank of America had in the property.  *See* Docket No. 62.

Thereafter, on July 27, 2016, and August 17, 2016, Fitch filed motions to dismiss. Docket Nos. 28, 30. On October 24, 2016, the Honorable Hugh B. Scott, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that Fitch's motions be denied. Docket No. 33. On June 25, 2019, the Court adopted the R&R in its entirety. Docket No. 70.

The parties previously engaged in settlement discussions, but ultimately were unable to settle the case. Docket Nos. 45, 46, 47, 48, 49, 50. On April 11, 2018, Plaintiff filed a motion for summary judgment, seeking forfeiture of the defendant properties. Docket Nos. 59, 60. Fitch filed a response on April 26, 2018. Docket No. 63.

Thereafter, on April 1, 2019, Fitch filed a third motion to dismiss. Docket No. 64. Plaintiff filed its response on May 3, 2019. Docket Nos. 66, 67.

The case was transferred to the undersigned on June 21, 2019. Docket No. 68. On June 26, 2019, the Court vacated the June 16, 2016 referral order (Docket No. 17), directing that Judge Scott hear and report upon dispositive motions. Docket No. 71. This Decision and Order addresses the currently-pending motion for summary judgment filed by the United States (Docket No. 59), and the currently pending motion to dismiss, filed by Fitch (Docket No. 64).

## II. Fitch's Motion to Dismiss

### A. Standard

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Nicholson v. Allied Interstate, LLC*, 91 F. Supp. 3d 365, 368 (E.D.N.Y. 2015) (citing *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)).

For civil forfeiture actions, "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Fed R. Civ. P. Supp. R. G governs pleading requirements in civil forfeiture actions. *See U.S. v. $22, 173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 248 (S.D.N.Y. 2010) ("Pleading requirements in a civil forfeiture action are governed by the Supplemental Rules. . . . Supplemental Rule G(2)(f) requires that the Government 'state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.' Accordingly, the Government's complaint must 'assert specific facts supporting an inference that the property is subject to forfeiture.'"). Pursuant to Supplemental Rule G, the complaint in an *in rem* forfeiture action must:

   (a)  be verified;

   (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

   (c) describe the property with reasonable particularity;

   (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

   (e) identify the statute under which the forfeiture action is brought; and

   (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. R. G(2)(a)-(f).

   **B.   <u>Analysis</u>**

   The Court has reviewed Fitch's April 11, 2019 motion to dismiss (Docket No. 64), and concludes that the motion must be denied. The arguments raised by Fitch in the April 2019 motion are essentially the same as those raised in his prior motions to dismiss (Docket Nos. 28, 30), including that agents lacked probable cause to search his residence, and his residence was searched as a result of malicious prosecution. *See* Docket No. 64 at 1-14. The Court finds now, as it did then, that Fitch's arguments may be defenses at trial, but do not go to the sufficiency of the complaint.

   The complaint (Docket No. 1) is verified, and describes in detail the events leading up to the seizure of Fitch's property, the basis for forfeiture of the property, as well as jurisdiction and venue. Accordingly, the complaint satisfies the requirements of Fed R. Civ. P. Supp. R. G. Fitch fails to raise any argument in his motion to dismiss identifying a deficiency in the complaint. Accordingly, for the reasons stated in Judge Scott's October 2016 R&R (Docket No. 33), as well as the reasoning contained in the Court's June 25, 2019 Decision and Order (Docket No. 70), the Court denies Fitch's April 2019 motion to dismiss the complaint (Docket No. 64).

### III. Plaintiff's Motion for Summary Judgment

#### A. Standard

"Civil forfeiture proceedings may be decided on summary judgment." *United States v. $38,148.00 United States Currency*, No. 13-CV-1162A(F), 2018 WL 2091415, at *6 (W.D.N.Y. Apr. 12, 2018), *adopted*, 2018 WL 2087586 (W.D.N.Y. May 4, 2018). Federal Rule of Civil Procedure 56(c) states that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court's role in determining a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* When considering a motion for summary judgment, the court must draw inferences from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

#### B. Plaintiff's Failure to File an *Irby* Notice

Pursuant to Local Rules of Civil Procedure for the Western District of New York, "[a]ny party moving for summary judgment against a *pro se* litigant shall file and serve with the motion papers a 'Notice to *Pro Se* Litigant Regarding Rule 56 Motion For

Summary Judgment' in the form provided by the Court. Failure to file and serve the form notice may result in denial of the motion, without prejudice to proper renewal. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact." L. R. Civ. P. 56(b); *see also Graves v. Correctional Medical Service*, No. 11-CV-1005A(M), 2015 WL 1823456, at *3 (W.D.N.Y. Apr. 22, 2015) ("The Second Circuit has required 'that *pro se* litigants have actual notice, provided in an accessible manner, of the consequences of the *pro se* litigant's failure to comply with the requirements of Rule 56.'" (quoting *Irby v. N.Y.C. Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001)), *aff'd*, 667 F. App'x 18 (2d Cir. 2016). Here, Plaintiff did not file a Rule 56(b) notice (hereinafter, an "*Irby* notice") with its motion papers, despite the fact that Fitch is proceeding *pro se*. There is no indication from L. R. Civ. P. 56(b) that an *Irby* notice need not be provided to *pro se* claimants in forfeiture actions; rather, the text of the rule is broad, and applies to "<u>any party moving for summary judgment against a pro se litigant</u>," and further specifies that when the *pro se* party is not the plaintiff, the movant should amend the form notice as necessary (emphasis added). *See also Ortiz-Alvear v. United States*, 21 F. App'x 27, 28 (2d Cir. 2001) (citing to *Irby* in the context of *pro se* plaintiff's claim to certain property forfeited in an administrative forfeiture proceeding, and explaining that "[t]he government concedes that it

did not give the required Rule 56 notice to Ortiz-Alvear, who was then proceeding *pro se*. Accordingly, his claim regarding the Raigosa package will be remanded to the district court for the purpose of allowing the government to provide appellant with the required Rule 56 notice and to give him the opportunity to respond to the merits of the judicial forfeiture, setting forth specific facts showing that there are genuine issues for trial.").

The failure of the moving party to provide an *Irby* notice to a *pro se* litigant does not necessarily warrant denial of the motion. "In the absence of such action, the district court should promptly provide the *pro se* [litigant] with such required notice." *Irby*, 262 F.3d at 414. In other words, where the moving party fails to file the required notice, the Court, on its own accord, may provide the notice to the non-moving, *pro se* party.

Here, Plaintiff's motion was filed in April 2018. Docket No. 59. At that time, the Court (Scott, M.J.) set a scheduling order (Docket No. 61), but no *Irby* notice was provided to Fitch, either by the Court or by Plaintiff. The case was transferred to the undersigned in June 2019, over one year after Plaintiff filed its motion and Fitch filed a response. Docket No. 68. In other words, the undersigned's providing an *Irby* notice to Fitch at this point in time will not cure Plaintiff's oversight, because Fitch has already filed his response to Plaintiff's motion for summary judgment.

The Court notes that Fitch's opposition to Plaintiff's motion for summary judgment is limited, and is not in compliance with the Federal or Local Rules of Civil Procedure. While Plaintiff filed a motion with forty attached exhibits (Docket Nos. 59, 60), Fitch filed a four-page, letter-style response, with no supporting documentation or memorandum of law (Docket No. 63). Also, Fitch did not submit an opposing statement of facts, as required by Local Rule 56(a)(2). Local Rule 56(a)(2) requires that papers opposing a motion for summary judgment "shall" include a response to the movant's statement of facts, and further provides that "[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." The form notice to *pro se* litigants informs the *pro se* party that he must include an affidavit or affirmation, statement of material facts, and memorandum of law in response to a motion for summary judgment. Had Fitch received the required notice, he would have known to include these materials with his response papers.

Fitch's failure to provide such materials in support of his response demonstrates to the Court that he did not understand the consequences of Plaintiff's motion. This is not a case where it is apparent to the Court that the *pro se* party "had a 'clear understanding' of the consequences of failing to comply with Rule

56." *Wright v. Esgrow*, No. 10-CV-6502 CJS, 2013 WL 1826053, at *6 (W.D.N.Y. Apr. 30, 2013) (quoting *Irby*, 262 F.3d at 414 ("[A] district court need not advise a *pro se* litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice . . . *or where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment*.") (emphasis added, citation omitted)).

Accordingly, the Court denies without prejudice Plaintiff's motion for summary judgment (Docket No. 59). Plaintiff may re-file its motion, and provide Fitch with the required "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment" in the form provided by the Court, and in compliance with L. R. Civ. P. 56(b). Fitch shall file any responding papers within 30 days following the filing of Plaintiff's motion.

### IV. <u>Conclusion</u>

For the foregoing reasons, the Court denies Fitch's motion to dismiss (Docket No. 64).

Further, the Court denies without prejudice Plaintiff's motion for summary judgment (Docket No. 59). Plaintiff may re-file its motion, and provide Fitch with the required "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment" in the form provided by the Court, and in compliance with L. R. Civ. P. 56(b).

Fitch shall file any responding papers within 30 days following the filing of Plaintiff's motion.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: July 5, 2019

Rochester, New York